Opinion issued on March 18, 2004. 








     








In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01130-CR




RALPH JOSEPH BIANCHI, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 918726




MEMORANDUM OPINION

          A jury found appellant, Ralph Joseph Bianchi, guilty of tampering with a
government record. After finding two felony enhancement paragraphs true, the jury
assessed punishment at confinement for life. In two points of error, appellant
contends that the trial court erred in denying appellant’s motion to suppress evidence
and the trial court lacked jurisdiction over his case because Texas Transportation
Code section 521.456


 controls over the provision of Texas Penal Code section
37.10.


 We affirm.
Background
          On May 3, 2002, at approximately 2:00 p.m., appellant went to the customer
service department desk at the Sam’s Club located on FM 1960 in Houston and
attempted to return a computer printer. Mary Profit, a customer service department
employee, scanned the printer’s UPC code in the store’s computer system and found
that the printer did not belong to the store’s inventory. Profit also discovered that the
printer box’s label did not belong to any Sam’s Club stores. She told appellant that
she could not accept the printer for return. 
          Appellant placed the printer in a shopping cart and walked over to the printer
section of the store. A few minutes later, appellant returned to ask Profit a question 
and then walked out of the store with the shopping cart. As he was walking out of the
store, Sam’s Club employee Duendra Hobson, who also worked in the customer
service department, noticed that the printer in appellant’s cart was different than the
one he had just attempted to return. Hobson went to the printer aisle and discovered
that the same printer appellant had tried to return was now sitting on the store shelf. 
Hobson reported her findings to Profit, who tried unsuccessfully to find appellant in
the store parking lot. 
          Hobson and the store manager immediately notified Dustin Deutsch, a peace
officer with the Houston Fire Department and the store’s security guard. Deutsch
reviewed the store’s surveillance camera videotape and watched appellant commit the
theft of the printer.
          Approximately four hours later, appellant reappeared at the Sam’s Club
customer service desk with the stolen printer and attempted to return it to Profit. She
refused to accept the printer and notified Deutsch of appellant’s return. Deutsch
approached appellant and showed him the printer that appellant had previously left
in the store. After initially denying knowledge of this printer, appellant said that he
might have walked down the printer aisle, looked at another printer for comparison,
and “accidentally” swapped the two printers. Deutsch asked appellant if he would
accompany him upstairs to the break room to discuss this situation further. Appellant
agreed.In the break room, appellant again told Deutsch that he had “accidentally”
swapped the printers. After this discussion, Deutsch believed that appellant was lying
and arrested him for the theft of the printer. When Deutsch patted appellant down, he
discovered a wallet containing what appeared to be a Texas driver’s license with the
name of “Richard Willam Becker” and a computer-generated signature. Deutsch
discovered that the name, address, and date of birth were different from the
information appellant had given at the customer service desk earlier that day. 
Appellant admitted making the license on his home computer and described it as a
“game” and something he played around with. Deutsch further discovered a
counterfeit commercial driver’s license with appellant’s name as well as his real
driver’s license. 
          Appellant then asked Deutsch if Deutsch could check on appellant’s dog that
was outside in appellant’s truck. Deutsch asked appellant if, while he was checking
on the dog, he could also search appellant’s truck, and appellant agreed on the
condition that he could be present. In the cab of the truck, Deutsch found multiple gift
cards, receipts for gift cards, and receipts for returned items from Sam’s Club, Sears,
Lowe’s, Home Depot, and Office Max. The receipts totaled approximately $7,500. 
Deutsch also found items that had been bought with credit from returns from these
stores. 
          Deutsch then looked in the bed of the truck and testified that he noticed a
“partially opened black bag” and saw a “good portion of” an 8x11 color reproduction
of a driver’s license with appellant’s name on it. Deutsch testified that he recognized
the document as a “voided out Texas driver’s license” and knew that it was illegal to
have one. At that point, appellant told Deutsch to stop searching; however, Deutsch
continued to search the bag. In the bag, Deutsch discovered multiple checks drawn
on Compass Bank with American Moving Lines as payor and Richard William Becker
as payee. Deutsch also found several driver’s licenses in various stages of completion. 
He also discovered evidence of appellant practicing alternate signatures. Appellant
again said that these documents were a result of his “playing around” with his
computer. 
          After a consensual search of appellant’s alleged residence and a search of his
actual residence pursuant to a search warrant, appellant was arrested for felony
tampering with a government document under Texas Penal Code section 37.10.Motion to Suppress 
          In his first point of error, appellant contends that the trial court abused its
discretion in denying his motion to suppress the evidence that Deutsch obtained from
the search of appellant’s truck because (1) Deutsch detained appellant for an
impermissible length of time, (2) Deutsch did not have probable cause to arrest
appellant because he did not see appellant commit a crime, and (3) appellant’s consent
to search the truck was involuntary. 
Standard of Review
          We review a trial court’s ruling on a motion to suppress using a bifurcated
standard of review. Guevara v. State, 97 S.W.3d 579, 582 (Tex. Crim. App. 2003). 
First, we give almost total deference to a trial judge’s determination of historical facts
and application of the law to fact questions that turn on credibility and demeanor of
the witnesses. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000);
Garcia v. State, 106 S.W.3d 854, 858 (Tex. App.—Houston [1st Dist.] 2003, pet.
ref’d). Second, we review de novo the application of the law to fact questions that do
not turn upon credibility and demeanor. Carmouche, 10 S.W.3d at 327.
Issues Not Preserved on Appeal
          If a defendant claims, on appeal, that the trial judge erred in admitting evidence
offered by the State, this error must have been preserved by a proper objection and an
adverse ruling on that objection. Tex. R. App. P. 33.1; Tex. R. Evid. 103(a). 
Arguments on appeal must comport with the objection at trial or the error is waived. 
Dixon v. State, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998).
          Here, the record establishes that appellant’s pre-trial motion to suppress did not
address the length of detention. He raised this complaint long after the evidence for
the search had been admitted.


 Accordingly, this issue was not preserved for appeal. 
See Tex. R. App. P. 33.1. 
Probable Cause 
          Next, appellant argues that Officer Deutsch did not have probable cause to
arrest appellant because he did not see appellant commit a crime. We disagree. 
          A peace officer may arrest a person without a warrant if that person commits an
offense in the presence or view of the peace officer. Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon Supp. 2004). This is true even if part of the knowledge of the
offense came from a reasonably trustworthy civilian witness. See Beverly v. State, 792
S.W.2d 103, 105 (Tex. Crim. App. 1990).
          Here, Officer Deutsch, upon reviewing the store surveillance tape, observed
appellant committing the theft of the printer. Furthermore, Hobson and the Sam’s
Club manager told Deutsch about appellant’s attempt to exchange the printer and his
activities in the printer aisle. Thus, Deutsch was justified in arresting appellant based
on appellant’s commission of the crime within Deutsch’s view.


 See id. Deutsch was
also justified in searching appellant’s wallet subject to that arrest. See Snyder v. State,
629 S.W.2d 930, 934 (Tex. Crim. App. 1982) (holding that officer was justified in
looking inside wallet during search incident to arrest).
Consent to Search
          After appellant expressed concern for his dog, Deutsch asked appellant for
permission to search appellant’s truck. Appellant argues that choosing between
abandoning his dog or consenting to the search of his truck rendered his consent
involuntary. Appellant also contends, in the alternative, that the scope of his consent
was exceeded when appellant told Deutsch to stop searching once Deutsch started
searching the black trash bag located in the bed of the truck. We disagree.
          One of the well-established exceptions to the warrant and probable cause
requirements of the Fourth Amendment involves a search conducted pursuant to
consent. State v. Derrow, 981 S.W.2d 776, 778 (Tex. App.—Houston [1st Dist.] 1998,
pet. ref’d) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S. Ct. 2041,
2043–44 (1973)). Although the federal constitution only requires the State to prove
the voluntariness of consent by a preponderance of the evidence, the Texas
Constitution requires the State to prove by clear and convincing evidence that consent
to search was freely given. Carmouche, 10 S.W.3d at 331. We focus on the
voluntariness of the consent. Derrow, 981 S.W.2d at 778. To be valid, consent to
search must not be coerced by explicit or implicit means, by implied threat, or by
covert force. Carmouche, 10 S.W.3d at 331. The validity of an alleged consent to
search is a question of fact to be determined from all the circumstances. Ohio v.
Robinette, 519 U.S. 33, 40, 117 S. Ct. 417, 421 (1996); Maxwell v. State, 73 S.W.3d
278, 281 (Tex. Crim. App. 2002). 
          There is no evidence in the record that Deutsch coerced appellant into giving
consent. Appellant requested that Deutsch check on appellant’s dog outside in his
truck. Deutsch then asked appellant if he could also search appellant’s truck. 
Appellant agreed to allow a search of his truck on the condition that appellant
accompany Deutsch, and Deutsch agreed. Therefore, the trial court did not abuse its
discretion in implicitly finding that appellant gave Deutsch voluntary consent to search
his truck. See Dogay v. State, 101 S.W.3d 614, 618 (Tex. App.—Houston [1st Dist.]
2003, no pet.). 
          Appellant contends that he revoked his consent. However, Deutsch testified
that he continued searching because he discovered the evidence located in the black
trash bag in plain view. 
          Evidence is lawfully seized if it meets the requirements of the “plain view”
doctrine. Dickey v. State, 96 S.W.3d 610, 613 (Tex. App.—Houston [1st Dist.] 2002,
no pet.). That doctrine requires that (1) law enforcement officials have a right to be
where they are and (2) it must be immediately apparent that the item seized constitutes
evidence (i.e., there is probable cause to associate the item with criminal activity). 
Ramos v. State, 934 S.W.2d 358, 365 (Tex. Crim. App. 1996); Dickey, 96 S.W.3d at
613. Both of the elements are present in this case. First, appellant asked Deutsch to
check on his dog in his truck and gave Deutsch consent to search his truck. Thus,
Deutsch had authority to be present at appellant’s truck. Second, Deutsch testified
that, before appellant asked him to stop searching, Deutch observed a “good portion”
of an 8x11 license reproduction sticking out of the bag that he immediately recognized
as illegal. Based on the record before us, we hold that the trial court did not err in
denying appellant’s motion to suppress. 
          We overrule appellant’s first point of error.
In Pari Materia
          In his second point of error, appellant urges, for the first time on appeal, that the
doctrine of in pari materia


 applies to section 37.10 of the Texas Penal Code and 
section 521.456 of the Texas Transportation Code. See Tex. Pen. Code Ann. § 37.10 
(Vernon Supp. 2004); see also Tex. Transp. Code Ann. § 521.456 (Vernon Supp.
2004). Appellant argues that his conviction should be reversed and the indictment
dismissed because he should have been charged under a different statute.
          Where a general statute and a specific statute both proscribe a defendant’s
conduct, the defendant must be charged under the more specific statute. See Davis v.
State, 968 S.W.2d 368, 372 (Tex. Crim. App. 1998). Appellant argues that, under the
doctrine of in pari materia, he was entitled to be charged under the Texas
Transportation Code because it more specifically addressed the only type of
government document he was accused of tampering with—a Texas driver’s license.



Because appellant challenges the substance of the indictment, he must have objected
before trial in order to preserve the complaint for appeal. See Tex. Code Crim. Proc.
Ann. art. 1.14(b) (Vernon Supp. 2004). 
          Before trial, appellant filed two motions to quash the indictment. The first
motion argued that the indictment failed to allege a criminal offense. The second
motion argued the following grounds:
I.
The information in this cause seeks to allege an offense of
Tampering with a Governmental Record as contained in Texas Penal
Code Section 37.10.
II.
Defendant would submit that the charging instrument and the
underlying statute are facially unconstitutional as being vague.III.
The indictment is defective in that it is pled under the wrong
subsection.
IV.
                    The indictment is defective in that it fails to contain attached
information sufficient to give defendant specific notice of his offense by
describing the alleged documents or attaching copies of the alleged
documents along with an accompanying description as required by the
case law.
                                                                        
Appellant failed to attack the indictment on any other grounds and did not raise an
objection that Texas Penal Code section 37.10 and Texas Transportation Code section
521.456 were in pari materia. 
          To preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds for the
desired ruling if they are not apparent from the context of the request, objection, or
motion. See Tex. R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex.
Crim. App. 1998). By failing to timely object to the substance of the indictment under
the doctrine of in pari materia, appellant waived his complaint on appeal. 
          We overrule appellant’s second point of error.
                                                   Conclusion
           We affirm the judgment of the trial court.
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Taft, Jennings, and Hanks.
Do not publish. Tex. R. App. P. 47.4.