**Irvan Keith BEVERLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 244–89.**

Court of Criminal Appeals of Texas, En Banc.

June 27, 1990.

The arresting officer, Mark Hogue, testified the management at the apartment complex had been having problems with loiterers. City police officers, including Hogue, routinely patrolled the complex and accompanied the manager while she 'trespass warned' loiterers, which Hogue defined as 'telling them in front of us that she did not want them back on the property.' The manager supplied the officers, including Hogue, with a list of people who had been trespass warned in the presence of police officers. Hogue stated that when the appellant drove up, the manager told him she had trespass warned appellant. Hogue then checked his list and found appellant's name there. He arrested appellant [for criminal trespass] as he was getting out of his car without questioning.

Officers found cocaine in appellant's pocket during a search after the arrest, which gave rise to the instant prosecution.

William G. Martin, Jr., Beaumont, for appellant.

Tom Maness, Dist. Atty., and R.W. Fisher, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

A jury convicted appellant for possession of cocaine and set punishment, enhanced, at 40 years imprisonment. On appeal, the conviction was reversed and the case was remanded for a new trial. *Beverly v. State*, 764 S.W.2d 353 (Tex.App.—Beaumont 1989). The State filed a petition for discretionary review raising one ground for review contending that the Court of Appeals erred by holding that probable cause for arrest under Art. 14.01(b) V.A.C.C.P., may not be partly based on reasonably trustworthy information. We granted review to determine whether the Court of Appeals' holding was correct. We will reverse.

The following facts, taken from the Court of Appeals' opinion, *id.* at 354, are relevant:

■ On appeal, appellant contended that the arrest was not authorized under Art. 14.01(b), supra, because the officer was not present when the manager gave appellant notice and, therefore, the offense was not committed in the officer's presence. The Court of Appeals considered the issue one of first impression, and held that for a valid warrantless arrest under Art. 14.01, supra, probable cause for arrest must arise from facts within the arresting officer's own knowledge and observations, not from hearsay information.

In its petition, the State argues that the arrest was proper. This Court has upheld warrantless arrests under Art. 14.01(b), supra, based upon personal observations and prior knowledge in *Lunde v. State*, 736 S.W.2d 665 (Tex.Cr.App.1987), and *Adkins v. State*, 764 S.W.2d 782 (Tex.Cr.App.1988). The Court of Appeals improperly characterized the issue as one of first impression.

■ Article 14.01(b), supra, provides that "[a] peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." The test for probable cause for a warrantless arrest under this provision is:

Whether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested) person had committed or was committing an offense.

*Lunde,* supra at 667, citing *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); *Britton v. State,* 578 S.W.2d 685 (Tex.Cr.App.1979). *See also Stull v. State,* 772 S.W.2d 449 (Tex.Cr.App.1989); *Delgado v. State,* 718 S.W.2d 718 (Tex.Cr.App. 1986). Thus, a warrantless arrest is authorized if the officer has probable cause to believe that the arrested person is committing an offense.

This Court has repeatedly held that probable cause under Art. 14.01(b), supra, may be based upon the officer's personal knowledge coupled with personally observed behavior. In *Stull,* supra at 452, this Court stated:

[T]his court has previously upheld arrests under Article 14.01(b) when police officers personally observed behavior that although not overtly criminal, was, when coupled with the officers' prior knowledge, sufficient to establish probable cause that an offense was then occurring. See *Miller v. State,* 458 S.W.2d 680 (Tex.Cr.App.1970); *Lunde,* 736 S.W.2d at 668.

For instance, in *Lunde, supra,* officers received a tip from an informant with personal knowledge that the defendant was dealing heroin. Officers went to the specified location and confirmed the physical description given by the informant. They further saw the defendant engage in behavior the officers described as consistent with a drug transaction. Based on the officers' prior knowledge and the actions observed, the defendant's warrantless arrest under Art. 14.01(b), supra, was upheld.

Also, in *Delgado,* supra, a reliable informant told officers that the defendant was likely dealing heroin. One officer went to the specified location, confirmed the informant's description of the car, and recognized the defendant from prior drug arrests. This Court upheld the warrantless arrest under Art. 14.01(b), supra.[1]

Thus, the State correctly argues that probable cause for a warrantless arrest under Art. 14.01(b), supra, may be based on prior knowledge and personal observations. Moreover, an officer may rely on reasonably trustworthy information provided by another person in making the overall probable cause assessment. In both *Lunde* and *Delgado,* supra, informants provided information to the officers, which, when coupled with the officers' personal observations, supported probable cause to believe that an offense was being or had been committed.

■ Therefore, the Court of Appeals erred by holding that all the information used by an officer in determining probable cause under Art. 14.01(b), supra, must arise from personal knowledge. The court further erred by finding that since Hogue was not present when the notice to depart was given to appellant, then no offense was committed in Hogue's presence.

Applying the proper law to the facts, we find that Hogue had probable cause to arrest appellant without a warrant under Art. 14.01(b), supra. Hogue personally knew that loiterers at the complex were warned about trespassing. He also noted appellant's name on the list of people who had been warned in the presence of the police officers. The manager told Hogue that appellant had been personally warned. When Hogue arrived at the complex, he saw appellant drive his car into the parking lot. Given the officer's prior knowledge

---

1. In *Stull,* supra, this Court failed to find sufficient facts to justify a warrantless arrest under Art. 14.01(b). An officer observed a group of young persons engaged in activity consistent with marihuana usage. He went back to the same location the next day with backup assistance from other officers, but the youths departed before engaging in any of the conduct observed the day before. The defendant was ar-rested and a search yielded a small amount of hashish. This Court held that when the officer arrived the second day, he did not observe acts which provided a sufficient basis to support probable cause under Art. 14.01(b), supra. Although the officer had relevant prior knowledge, there were no additional acts observed which would show an offense was then being committed.

and subsequent observations, he reasonably believed that appellant was committing an offense.

Consequently, we reverse the judgment of the Court of Appeals and remand this case to that court for consideration of appellant's second point of error.

CLINTON, J., dissents because the majority construction of Art. 14.01(b) is contrary to the plain language and intendment thereof.

TEAGUE and MILLER, JJ., join in this dissent.

STURNS, J., concurs in the result.