TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00722-CR







Preston James Grant, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 44,376, HONORABLE JOE CARROLL, JUDGE PRESIDING







PER CURIAM


 The district court found appellant guilty of possessing less than twenty-eight grams
of cocaine. Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex.
Gen. Laws 2230, 2936 (Tex. Health & Safety Code Ann. § 481.115, since amended). The court
assessed punishment, enhanced by two previous felony convictions, at imprisonment for twenty-five years.

 On April 29, 1994, three Temple police officers were engaged in a surveillance of
a park known to be a location in which drugs were openly sold. One of the officers, Timothy
Simeroth, was watching the park through binoculars from atop a nearby grain silo while the other
officers, Richard Ashe and Rhonda Sandoval, waited below. At 4:30 p.m., Simeroth saw a man
he knew to be Curtis Cunningham sitting in the park on the hood of a car. A second man,
identified as appellant, approached Cunningham on foot. As Simeroth watched, appellant handed
Cunningham currency (Simeroth could not tell the amount) and, in exchange, took something from
Cunningham's hand. Appellant put this item in his left pants pocket and immediately walked
away in a direction that would take him within twenty feet of Ashe and Sandoval. Based on his
training and experience and given the circumstances, Simeroth believed he had witnessed a
cocaine transaction. Simeroth radioed what he had seen to his partners. 

 Guided by Simeroth, who gave them appellant's description and a running account
of his location, Ashe and Sandoval approached appellant, identified themselves, and told appellant
that he had been observed making "what probably was a drug transaction in the park." Appellant
told Ashe that "he had walked through there and said `hi' to people, but that was it." Ashe asked
appellant if he had anything in his pockets. Appellant said he did not and, without being asked
to do so, pulled out the lining of his right pants pocket. The pocket was empty. Appellant then
pulled out the lining of his left pocket, but continued to hold the lining. Ashe testified, "I asked
him what he had in his hand. He said, `Nothing.' And I asked him to open up his hand so I
could see it, and he refused to do that. He kept stating there wasn't anything in there; wasn't
anything there, but he refused to open his hand." Believing appellant had cocaine in his hand,
Sandoval held appellant's arm while Ashe opened the hand. Appellant was holding a rock of
crack cocaine.

 In two points of error, appellant contends the district court should have suppressed
the cocaine. Appellant first urges that forcing open his hand constituted a search incident to an
unlawful warrantless arrest. Alternatively, appellant argues that the search of his hand exceeded
the lawful scope of a weapons frisk incident to a temporary investigative detention.

 An officer may arrest an offender without a warrant for any offense committed in
the officer's presence or within his view. Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 1977). 
The test for probable cause for a warrantless arrest pursuant to article 14.01(b) is whether at the
moment of the arrest, the facts and circumstances within the officer's knowledge and of which the
officer had reasonably trustworthy information were sufficient to warrant a prudent man in
believing that the individual arrested had committed or was committing an offense. Beverly v.
State, 792 S.W.2d 103, 105 (Tex. Crim. App. 1990); Lunde v. State, 736 S.W.2d 665, 666 (Tex.
Crim. App. 1987). It is not necessary that all the information relied on by an officer who makes
an article 14.01(b) arrest be acquired through the officer's personal observation. Beverly, 792
S.W.2d at 105. In making the probable cause determination, an officer may rely on reasonably
trustworthy information provided by another person. Id. The arresting officer must, however,
personally observe the arrestee commit an act that, when coupled with the officer's prior
knowledge, supports the conclusion that an offense is being committed. Stull v. State, 772
S.W.2d 449 (Tex. Crim. App. 1989).

 In this cause, Simeroth saw appellant engage in conduct that, under the
circumstances, caused the officer to suspect that appellant had purchased cocaine. By radio,
Simeroth told his fellow officers what he had seen and what he suspected. Ashe and Sandoval
approached appellant and told him that he had been seen making a suspected drug purchase. An
officer does not violate the Fourth Amendment by merely approaching an individual in a public
place and asking him questions. Florida v. Royer, 460 U.S. 491, 497-98 (1983). Appellant
denied making any purchase and volunteered to show the officers the inside of his pants pockets. 
When appellant pulled out the lining of the left pocket, in which he had placed the suspected
cocaine, he held his hand in a manner indicating that he was attempting to conceal something. 
This conduct, when coupled with the information received from Simeroth, gave Ashe and
Sandoval probable cause to believe that appellant was committing an offense, possession of
cocaine, in their presence.

 If the seizure of appellant's arm constituted an arrest, it was lawful under article
14.01(b). The ensuing search of appellant's hand was lawful as incident to that arrest. Chimel
v. California, 395 U.S. 752, 763 (1969). Point of error one is overruled. Because we find that
the seizure of the cocaine was the result of a lawful arrest and search, we need not discuss point
of error two.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: March 8, 1995

Do Not Publish