

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00387-CR

**DONNIE POOLE,**

                                             **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                             **Appellee**

#### From the 40th District Court
#### Ellis County, Texas
#### Trial Court No. 32945CR

## MEMORANDUM OPINION

Donnie Lloyd Poole was convicted by a jury of the offense of Possession of a Controlled Substance with Intent to Deliver – Penalty Group I. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2003). He was tried jointly with his co-defendant, Alisha Beightol, who was also convicted of the same offense.[1] Based on the jury's verdict in the punishment phase, the trial court sentenced Poole to imprisonment for thirty (30) years in the Texas Department of Criminal Justice – Institutional Division. Because we find that the trial court did not err in denying the motion to suppress evidence due to a

---

[1] Beightol has also appealed her conviction in No. 10-08-00374-CR.

warrantless arrest and a warrantless search, that Poole's complaint regarding the admission of evidence due to an improper chain of custody and improper foundation was not preserved, and that the evidence is both legally and factually sufficient to sustain the conviction, we affirm the judgment.

*Motion to Suppress*

Our review of a trial court's ruling on a motion to suppress evidence is bifurcated; we give almost total deference to the trial court's determination of historical facts and review de novo the trial court's application of the law. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When, as here, the trial court does not make findings of fact, we view the evidence in the light most favorable to the trial court's ruling. *Id*. We must sustain the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); *Flores v. State*, 177 S.W.3d 8, 14 (Tex. App.-- Houston [1st Dist.] 2005, pet. ref'd). At a suppression hearing, the trial court is the exclusive fact-finder and decides the weight to place on testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

In his first issue, Poole complains that he was arrested without a warrant and that no exception to the warrant requirement was established as required by Texas Code of Criminal Procedure 14.01. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005). Under Texas law, a police officer must have both probable cause with respect to the person being arrested, plus statutory authority to make that arrest. *Parker v. State*, 206 S.W.3d 593, 596 (Tex. Crim. App. 2006). Under article 14.01(b), a peace

officer may "arrest an offender without a warrant for any offense committed in his presence or within his view." TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 2005). To establish probable cause to arrest, the evidence must show that "at that moment [of the arrest] the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense." *Parker*, 206 S.W.3d at 596 (*quoting Beverly v. State*, 792 S.W.2d 103, 104-05 (Tex. Crim. App. 1990)).

A confidential tip, standing alone, does not constitute probable cause. *See State v. Steelman*, 93 S.W.3d 102, 109 (Tex. Crim. App. 2002) (*citing Ebarb v. State*, 598 S.W.2d 842, 845 (Tex. Crim. App. [Panel Op.] 1979)). But probable cause may arise from information supplied by a confidential informant provided the information is corroborated. *Eisenhauer v. State*, 678 S.W.2d 947 (Tex. Crim. App. 1984), *overruled on other grounds by Heitman v. State*, 815 S.W.2d 681 (Tex. Crim. App. 1991). When dealing with information obtained from informants, we apply the "totality of the circumstances" test set out in *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). *Dixon v. State*, 206 S.W.3d 613, 616 (Tex. Crim. App. 2006). Although an informant's veracity, reliability, and basis of knowledge are highly relevant in determining the value of an informant's report, these elements are not independent requirements but are closely intertwined issues illuminating the overall question of whether there is probable cause. *Gates*, 462 U.S. at 230. A deficiency in one element may be compensated for by a strong showing as to another. *Id*.

The law enforcement officers had no prior dealings with the confidential informant before he gave them the information on Poole. However, one of the officers spent several hours with the informant prior to the attempted transaction that day. Prior to that time, the officer knew of Poole and his reputation, knew where he lived, and knew what kind of vehicle he drove. The officer overheard phone conversations between the informant, Poole, and Beightol, where Poole told him he'd hand the informant the deodorant containing the drugs at the same time the informant was to pay Poole $550.00. The officer also heard the conversations regarding the change of location for the purchase instigated by Poole. The vehicle known by the officer to be Poole's was the vehicle which arrived on the scene. The informant went inside Poole's van. Upon exiting, he gave a prearranged signal that drugs were present. When Poole and Beightol had exited the vehicle, an empty deodorant container with the removed deodorant was located in the vehicle between where Poole and Beightol were sitting. Under the totality of the circumstances test, we conclude the facts and circumstances within the knowledge of the investigating officers, and of which they had reasonably trustworthy information, were sufficient to warrant their belief that Poole was committing the offense of possession of methamphetamine with the intent to deliver and the offense was being committed within their view, and therefore, the trial court did not err in denying the motion to suppress evidence. We overrule issue one.

In his second issue, Poole contends that the search of his vehicle was an unreasonable search and seizure because there was no warrant to search his vehicle. Evidence seized by police without a warrant may be admissible only if an exception to

the Fourth Amendment's warrant requirement applies. *Neal v. State*, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008). It is undisputed that the search of Poole's vehicle was warrantless and, thus, per se unreasonable. *See Wiede*, 214 S.W.3d at 24. Accordingly, the burden was on the State to establish an exception to the warrant requirement. *Neal*, 256 S.W.3d at 282 (*citing Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005)).

A totality of the circumstances analysis also controls whether police officers had probable cause to search Poole's vehicle without a warrant. *See Neal*, 256 S.W.3d at 282-83; *Whaley v. State*, 686 S.W.2d 950, 951 (Tex. Crim. App. 1985). In reviewing whether the officers had probable cause to conduct a search, once again, we must defer almost totally to the trial court's express or implied determination of historical facts and review de novo the court's application of the law of search and seizure to the facts found. *See Wiede*, 214 S.W.3d at 25; *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).

An officer has probable cause to search when the totality of facts and circumstances known to the officer is sufficient to warrant a belief by a person of reasonable prudence that contraband or evidence of a crime will be found in the place to be searched. *See Wiede*, 214 S.W.3d at 24; *cf., Neal*, 256 S.W.3d at 282 (stating that probable cause to search exists when there is a "fair probability" of finding inculpatory evidence at the location being searched) (*citing Wiede*, 214 S.W.3d at 24 n. 29 (*citing Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983))). A finding of probable cause is sufficient, without more, to satisfy the automobile exception to the Fourth Amendment warrant requirement. *See Dixon v. State*, 206 S.W.3d 613, 619 n.25 (Tex. Crim. App. 2006). We have determined that the officers had

probable cause to arrest Poole based on the totality of the circumstances and we follow that same reasoning here to find that the officers had probable cause to search the vehicle. We find that the trial court did not err in denying Poole's motion to suppress the evidence because of the search conducted without a warrant. We overrule issue two.

*Improperly Admitted Evidence*

Poole complains that the trial court abused its discretion in admitting three exhibits, including the actual methamphetamine, its packaging, and DPS analysis report, because the State failed to establish the chain of custody and because the foundation for admitting the evidence was not properly laid. Beightol objected to the admission on these grounds to the trial court; Poole did not. Additionally, there is nothing in the record to establish that either party was adopting the objections of the other party. A co-defendant can adopt by reference the objections of another co-defendant. *State v. Manley*, 220 S.W.3d 116, 128 (Tex. App.—Waco 2007, no pet.); *Martinez v. State*, 833 S.W.2d 188, 191 (Tex. App.—Dallas 1992, pet. ref'd). If, however, a defendant does not voice his own personal objection and does not adopt that of his co-defendant, he may not rely on his co-defendant's objection to preserve error. *See Lerma v. State*, 679 S.W.2d 488, 498 (Tex. Crim. App. 1982); *Martinez*, 833 S.W.2d at 191. *See also* TEX. R. APP. P. 33.1(a) (in order to preserve error for appeal, a party must timely object to the trial court). This error was not properly preserved by Poole. We overrule issues three and four.

*Directed Verdict, Legal and Factual Sufficiency*

Poole argues that the court erred in denying his motion for an instructed verdict and that the evidence was both legally and factually insufficient to sustain his conviction. An instructed (or directed) verdict is a challenge to the legal sufficiency of the evidence, so we will review those issues together. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). In reviewing the legal sufficiency of the evidence, this Court looks at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); *Bigon v. State*, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008).

Under a legal sufficiency review, we consider all of the evidence admitted, both properly and improperly admitted, as well as direct and circumstantial evidence. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). The jury, as sole judge of the witnesses' credibility and the weight to be given their testimony, is free to accept or reject any or all of the evidence presented by either side. *See Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). The reviewing court must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (*citing Jackson v. Virginia*, 443 U.S. at 318-19). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can alone be sufficient to establish guilt. *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

In a factual-sufficiency review, there is only one question to be answered: "Considering all of the evidence in a neutral light, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Grotti v. State*, 273 S.W.3d 273, 283 (Tex. Crim. App. 2008); *Watson v. State*, 204 S.W.3d 404, 415 (Tex. Crim. App. 2006). Evidence can be factually insufficient in one of two ways: (1) when the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; and (2) when the supporting evidence is outweighed by the great weight and preponderance of the contrary evidence so as to render the verdict clearly wrong and manifestly unjust. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007) (*citing Watson*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Castillo v. State*, 221 S.W.3d 689, 693 (Tex. Crim. App. 2007). "[A]n appellate court must first be able to say, with some objective basis in the record, that the great weight and preponderance of the . . . evidence contradicts the jury's verdict before it is justified in exercising its appellate fact jurisdiction to order a new trial." *Watson*, 204 S.W.3d at 417. A reversal for factual insufficiency cannot occur when "the greater weight and preponderance of the evidence actually favors conviction." *Roberts*, 220 S.W.3d at 524.

Although an appellate court has the ability to second-guess the jury to a limited degree, the factual-sufficiency review should still be deferential, with a high level of skepticism about the jury's verdict required before a reversal can occur. *Grotti v. State*, 273 S.W.3d 273, 283 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 417. An appellate court judge cannot conclude that a conviction is "clearly wrong" or "manifestly unjust"

simply because, on the quantum of evidence admitted, he would have voted to acquit had he been on the jury. *Watson*, 204 S.W.3d at 714. Nor can an appellate court judge declare that a conflict in the evidence justifies a new trial simply because he disagrees with the jury's resolution of that conflict. *Id*. The verdict may be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Grotti*, 273 S.W.3d at 280.

Poole contends that the evidence is legally insufficient because a rational juror could not find beyond a reasonable doubt that Poole was aware that the controlled substances were inside his van on the date alleged based on an officer's testimony that an informant indicated there were drugs inside the van. The informant had met Poole in a grocery store to set up the transaction, which would be 14 grams of methamphetamine for $550.00. The evidence also showed that Poole, his co-defendant Beightol, and the informant had phone conversations between them that indicated that a financial transaction was to take place at a certain time and location. Poole's voice is identified on the recording as saying, "I'll hand you that, you hand me the money," referring to the stick of deodorant. The officers considered that the agreed price of $550.00 was a reasonable amount on the street for the amount of drugs to be purchased. The informant indicated with a pre-arranged signal to law enforcement officers who were observing Poole's vehicle that there were drugs inside the vehicle. An empty deodorant container with the removed stick of deodorant was located near Poole in the van. The drugs were located in the van which Poole was driving. The evidence was

legally sufficient for the jury to find that Poole was aware that the controlled substances were in his van.

Poole argues that the evidence was factually insufficient because there was insufficient evidence that Poole delivered or possessed with the intent to deliver any controlled substance. More specifically, Poole avers that the only evidence offered in this regard was from the testimony of the arresting officer, who "merely offered his opinion" that Poole was attempting to deliver the methamphetamine to the informant. Poole also contended that the informant was unreliable, had never been used by law enforcement before or since that day, and that the informant's information should have been corroborated or he should have testified at the trial. However, the officer also testified without objection that he knew of Poole's reputation for dealing drugs to at least three low level dealers in the county, he had listened in on the phone conversations between the informant, Poole, and Beightol, and the informant indicated that drugs were in the vehicle. Additionally, the recordings of the phone conversations, the drugs, and the deodorant stick and container found in the vehicle were before the jury. Reviewing the evidence under the appropriate standards, giving deference to the jury as the determiner of facts and the credibility of the witnesses, we find the evidence was both legally and factually sufficient to sustain Poole's conviction. We overrule issues five, six, and seven.

*Conclusion*

We find that the trial court did not err in the denial of Poole's motion to suppress evidence. We further find that Poole's objections to the admission of evidence at trial

were not properly preserved before the trial court, and were therefore waived.  We find that the evidence was both legally and factually sufficient to sustain the judgment.  We affirm the judgment of conviction.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed November 25, 2009
Do not publish
[CRPM]