IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00387-CR

 

Donnie Poole,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 32945CR

 



MEMORANDUM  Opinion










 

            Donnie Lloyd Poole was convicted by a
jury of the offense of Possession of a Controlled Substance with Intent to
Deliver – Penalty Group I.  Tex. Health
& Safety Code Ann. § 481.112 (Vernon 2003).  He was tried jointly
with his co-defendant, Alisha Beightol, who was also convicted of the same offense.[1] 
Based on the jury’s verdict in the punishment phase, the trial court sentenced Poole to imprisonment for thirty (30) years in the Texas Department of Criminal Justice –
Institutional Division.  Because we find that the trial court did not err in denying
the motion to suppress evidence due to a warrantless arrest and a warrantless
search, that Poole’s complaint regarding the admission of evidence due to an
improper chain of custody and improper foundation was not preserved, and that
the evidence is both legally and factually sufficient to sustain the
conviction, we affirm the judgment.

Motion to Suppress

Our review of a trial court's ruling on a motion
to suppress evidence is bifurcated; we give almost total deference to the trial
court's determination of historical facts and review de novo the trial court's
application of the law.  Neal v. State, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008).  When, as here, the trial court does not make findings of fact, we
view the evidence in the light most favorable to the trial court's ruling.  Id.  We must sustain the trial court's ruling if it is reasonably supported by the
record and is correct under any theory of law applicable to the case.  Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Flores v. State,
177 S.W.3d 8, 14 (Tex. App.--Houston [1st Dist.] 2005, pet. ref'd).  At a
suppression hearing, the trial court is the exclusive fact-finder and decides
the weight to place on testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

            In his first issue, Poole complains
that he was arrested without a warrant and that no exception to the warrant
requirement was established as required by Texas Code of Criminal Procedure
14.01.  See Tex. Code Crim. Proc.
Ann. art. 14.01(b) (Vernon 2005).  Under Texas law, a police officer
must have both probable cause with respect to the person being arrested, plus
statutory authority to make that arrest.  Parker v. State, 206 S.W.3d
593, 596 (Tex. Crim. App. 2006).  Under article 14.01(b), a
peace officer may "arrest an offender without a warrant for any offense
committed in his presence or within his view."  Tex. Code Crim. Proc. Ann. art. 14.01(b) (Vernon 2005).  To
establish probable cause to arrest, the evidence must show that "at that
moment [of the arrest] the facts and circumstances within the officer's
knowledge and of which he had reasonably trustworthy information were
sufficient to warrant a prudent man in believing that the arrested person had
committed or was committing an offense."  Parker, 206 S.W.3d at 596
(quoting Beverly v. State, 792 S.W.2d 103, 104-05 (Tex. Crim. App.
1990)).

A confidential tip,
standing alone, does not constitute probable cause.  See State v. Steelman,
93 S.W.3d 102, 109 (Tex. Crim. App. 2002) (citing Ebarb v. State, 598
S.W.2d 842, 845 (Tex. Crim. App. [Panel Op.] 1979)).  But probable cause
may arise from information supplied by a confidential informant provided the
information is corroborated.  Eisenhauer v. State, 678 S.W.2d 947 (Tex.
Crim. App. 1984), overruled on other grounds by Heitman v. State, 815
S.W.2d 681 (Tex. Crim. App. 1991).  When dealing with information obtained from
informants, we apply the "totality of the circumstances" test set out
in Illinois v. Gates, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527
(1983).  Dixon v. State, 206 S.W.3d 613, 616 (Tex. Crim. App.
2006).  Although an informant's veracity, reliability, and basis of knowledge
are highly relevant in determining the value of an informant's report, these
elements are not independent requirements but are closely intertwined issues
illuminating the overall question of whether there is probable cause.  Gates,
462 U.S. at 230.  A deficiency in one element may be compensated for by a
strong showing as to another.  Id.

The law enforcement officers had no prior dealings
with the confidential informant before he gave them the information on Poole.  However, one of the officers spent several hours with the informant prior to the
attempted transaction that day.  Prior to that time, the officer knew of Poole and his reputation, knew where he lived, and knew what kind of vehicle he drove.  The
officer overheard phone conversations between the informant, Poole, and
Beightol, where Poole told him he’d hand the informant the deodorant containing
the drugs at the same time the informant was to pay Poole $550.00.  The officer
also heard the conversations regarding the change of location for the purchase
instigated by Poole.  The vehicle known by the officer to be Poole’s was the
vehicle which arrived on the scene.  The informant went inside Poole’s van.  Upon exiting, he gave a prearranged signal that drugs were present.  When Poole
and Beightol had exited the vehicle, an empty deodorant container with the
removed deodorant was located in the vehicle between where Poole and Beightol
were sitting.  Under the totality of the circumstances test, we conclude the
facts and circumstances within the knowledge of the investigating officers, and
of which they had reasonably trustworthy information, were sufficient to
warrant their belief that Poole was committing the offense of possession of
methamphetamine with the intent to deliver and the offense was being committed
within their view, and therefore, the trial court did not err in denying the
motion to suppress evidence.  We overrule issue one.

In his second issue, Poole contends that the
search of his vehicle was an unreasonable search and seizure because there was
no warrant to search his vehicle.  Evidence seized by police without a warrant
may be admissible only if an exception to the Fourth Amendment's warrant
requirement applies.  Neal v. State, 256 S.W.3d 264, 282 (Tex. Crim. App. 2008).  It is undisputed that the search of Poole's vehicle was warrantless
and, thus, per se unreasonable.  See Wiede, 214 S.W.3d at 24.  Accordingly,
the burden was on the State to establish an exception to the warrant
requirement.  Neal, 256 S.W.3d at 282 (citing Torres v. State,
182 S.W.3d 899, 902 (Tex. Crim. App. 2005)).

A totality of the circumstances analysis also controls
whether police officers had probable cause to search Poole’s vehicle without a
warrant.  See Neal, 256 S.W.3d at 282-83; Whaley v. State, 686
S.W.2d 950, 951 (Tex. Crim. App. 1985).  In reviewing whether the officers had
probable cause to conduct a search, once again, we must defer almost totally to
the trial court's express or implied determination of historical facts and review
de novo the court's application of the law of search and seizure to the
facts found.  See Wiede, 214 S.W.3d at 25; Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000).

An officer has probable
cause to search when the totality of facts and circumstances known to the
officer is sufficient to warrant a belief by a person of reasonable prudence
that contraband or evidence of a crime will be found in the place to be
searched. See Wiede, 214 S.W.3d at 24; cf., Neal, 256 S.W.3d at
282 (stating that probable cause to search exists when there is a "fair
probability" of finding inculpatory evidence at the location being
searched) (citing Wiede, 214 S.W.3d at 24 n. 29 (citing Illinois v.
Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332, 76 L. Ed. 2d 527 (1983))).
 A finding of probable cause is sufficient, without more, to satisfy the
automobile exception to the Fourth Amendment warrant requirement.  See Dixon
v. State, 206 S.W.3d 613, 619 n.25 (Tex. Crim. App. 2006).  We have
determined that the officers had probable cause to arrest Poole based on the
totality of the circumstances and we follow that same reasoning here to find
that the officers had probable cause to search the vehicle.  We find that the
trial court did not err in denying Poole’s motion to suppress the evidence
because of the search conducted without a warrant.  We overrule issue two.

Improperly Admitted Evidence

            Poole complains that the
trial court abused its discretion in admitting three exhibits, including the
actual methamphetamine, its packaging, and DPS analysis report, because the
State failed to establish the chain of custody and because the foundation for
admitting the evidence was not properly laid.  Beightol objected to the
admission on these grounds to the trial court; Poole did not.  Additionally,
there is nothing in the record to establish that either party was adopting the
objections of the other party.  A co-defendant can adopt by reference the
objections of another co-defendant.  State v. Manley, 220 S.W.3d 116,
128 (Tex. App.—Waco 2007, no pet.); Martinez v. State, 833 S.W.2d 188,
191 (Tex. App.—Dallas 1992, pet. ref'd).  If, however, a defendant does not
voice his own personal objection and does not adopt that of his co-defendant,
he may not rely on his co-defendant's objection to preserve error.  See
Lerma v. State, 679 S.W.2d 488, 498 (Tex. Crim. App. 1982); Martinez , 833 S.W.2d at 191.  See also Tex.
R. App. P. 33.1(a) (in order to preserve error for appeal, a party must
timely object to the trial court).  This error was not properly preserved by Poole.  We overrule issues three and four.

 

Directed Verdict, Legal and Factual Sufficiency

            Poole argues that the court erred in
denying his motion for an instructed verdict and that the evidence was both
legally and factually insufficient to sustain his conviction.  An instructed
(or directed) verdict is a challenge to the legal sufficiency of the evidence,
so we will review those issues together.  Williams v. State, 937 S.W.2d
479, 482 (Tex. Crim. App. 1996).  In reviewing the legal sufficiency of the
evidence, this Court looks at all of the evidence in the light most favorable
to the verdict to determine whether any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt.  Jackson v.
 Virginia, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979); Bigon
v. State, 252 S.W.3d 360, 366 (Tex. Crim. App. 2008).

            Under a legal sufficiency review, we
consider all of the evidence admitted, both properly and improperly admitted,
as well as direct and circumstantial evidence.  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001).  The jury, as sole judge of the
witnesses' credibility and the weight to be given their testimony, is free to
accept or reject any or all of the evidence presented by either side.  See
Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  The
reviewing court must give deference to "the responsibility of the trier of
fact to fairly resolve conflicts in testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts."  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. at 318-19).  Circumstantial evidence is as probative as
direct evidence in establishing the guilt of an actor and can alone be
sufficient to establish guilt.  Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004).

In a factual-sufficiency review, there is only one
question to be answered: “Considering all of the evidence in a neutral light,
was a jury rationally justified in finding guilt beyond a reasonable doubt?”  Grotti
v. State, 273 S.W.3d 273, 283 (Tex. Crim. App. 2008); Watson v. State,
204 S.W.3d 404, 415 (Tex. Crim. App. 2006).  Evidence can be factually
insufficient in one of two ways: (1) when the evidence supporting the verdict
is so weak that the verdict seems clearly wrong and manifestly unjust; and (2)
when the supporting evidence is outweighed by the great weight and
preponderance of the contrary evidence so as to render the verdict clearly wrong
and manifestly unjust.  Roberts v. State, 220 S.W.3d 521, 524 (Tex.
Crim. App. 2007) (citing Watson, 204 S.W.3d 404, 414-15 (Tex. Crim. App.
2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see
also Castillo v. State, 221 S.W.3d 689, 693 (Tex. Crim. App. 2007).  "[A]n
appellate court must first be able to say, with some objective basis in the
record, that the great weight and preponderance of the . . . evidence
contradicts the jury's verdict before it is justified in exercising its
appellate fact jurisdiction to order a new trial."  Watson, 204
S.W.3d at 417.  A reversal for factual insufficiency
cannot occur when "the greater weight and preponderance of the evidence
actually favors conviction."  Roberts, 220 S.W.3d at 524.  

Although an appellate court has the ability to
second-guess the jury to a limited degree, the factual-sufficiency review
should still be deferential, with a high level of skepticism about the jury's
verdict required before a reversal can occur.  Grotti v. State, 273
S.W.3d 273, 283 (Tex. Crim. App. 2008); Watson, 204 S.W.3d at 417.  An
appellate court judge cannot conclude that a conviction is "clearly
wrong" or "manifestly unjust" simply because, on the quantum of
evidence admitted, he would have voted to acquit had he been on the jury.  Watson,
204 S.W.3d at 714.  Nor can an appellate court judge declare that a conflict in
the evidence justifies a new trial simply because he disagrees with the jury's
resolution of that conflict.  Id.  The verdict may be set aside only if it
is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust.  Grotti, 273 S.W.3d at 280.

Poole contends that the evidence is legally
insufficient because a rational juror could not find beyond a reasonable doubt
that Poole was aware that the controlled substances were inside his van on the
date alleged based on an officer’s testimony that an informant indicated there
were drugs inside the van.  The informant had met Poole in a grocery store to
set up the transaction, which would be 14 grams of methamphetamine for
$550.00.  The evidence also showed that Poole, his co-defendant Beightol, and
the informant had phone conversations between them that indicated that a
financial transaction was to take place at a certain time and location.  Poole’s voice is identified on the recording as saying, “I’ll hand you that, you hand me
the money,” referring to the stick of deodorant.  The officers considered that
the agreed price of $550.00 was a reasonable amount on the street for the amount
of drugs to be purchased.  The informant indicated with a pre-arranged signal
to law enforcement officers who were observing Poole’s vehicle that there were
drugs inside the vehicle.  An empty deodorant container with the removed stick
of deodorant was located near Poole in the van.  The drugs were located in the
van which Poole was driving.  The evidence was legally sufficient for the jury
to find that Poole was aware that the controlled substances were in his van.

Poole argues that the evidence was factually
insufficient because there was insufficient evidence that Poole delivered or
possessed with the intent to deliver any controlled substance.  More
specifically, Poole avers that the only evidence offered in this regard was
from the testimony of the arresting officer, who “merely offered his opinion”
that Poole was attempting to deliver the methamphetamine to the informant.  Poole also contended that the informant was unreliable, had never been used by law
enforcement before or since that day, and that the informant’s information
should have been corroborated or he should have testified at the trial. 
However, the officer also testified without objection that he knew of Poole’s
reputation for dealing drugs to at least three low level dealers in the county,
he had listened in on the phone conversations between the informant, Poole, and
Beightol, and the informant indicated that drugs were in the vehicle. 
Additionally, the recordings of the phone conversations, the drugs, and the
deodorant stick and container found in the vehicle were before the jury.  Reviewing
the evidence under the appropriate standards, giving deference to the jury as
the determiner of facts and the credibility of the witnesses, we find the
evidence was both legally and factually sufficient to sustain Poole’s
conviction.  We overrule issues five, six, and seven.

Conclusion

            We find that the trial court did not err in the denial of Poole’s motion to suppress evidence.  We further find that Poole’s objections to the
admission of evidence at trial were not properly preserved before the trial
court, and were therefore waived.  We find that the evidence was both legally
and factually sufficient to sustain the judgment.  We affirm the judgment of
conviction.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice Reyna,
and

            Justice Davis

Affirmed

Opinion delivered and
filed November 25, 2009

Do not publish

[CRPM]









[1]
Beightol has also appealed her conviction in No. 10-08-00374-CR.