**AFFIRM; and Opinion Filed June 12, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00236-CR

### THOMAS B. SINGER, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. MB07-49876-F**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Lang-Miers

Thomas B. Singer appeals from the trial court's denial of his pretrial motion to suppress his warrantless arrest.[1]  After the court denied the motion, appellant pleaded nolo contendere to misdemeanor driving while intoxicated.  The trial court assessed his sentence at 180 days' confinement, but suspended the imposition of the sentence and placed appellant on community supervision for 14 months and ordered him to pay a $900 fine.  For the reasons that follow, we affirm the trial court's judgment.

### Background

Jeff Wharton testified that he was driving southbound "down the access road across 635" in north Dallas.  He had a green light and entered the intersection to turn left onto Harvest Hill

---

[1] We note that the record contains a warrant for appellant's arrest.  However, it is clear from its language that it was obtained after appellant was arrested and transferred to jail.  The State conceded below that the arrest was without a warrant.

when a Ford pick-up driven by appellant ran through the red light and hit Wharton's vehicle. Wharton testified that appellant accelerated for some reason and "struck a barrier on the right and struck another barrier and came to a stop." Wharton called 911 while getting out of his vehicle to check on appellant. Appellant was in the driver's seat of the pick-up and was by himself. Wharton "smelled a lot of alcohol whenever [he] opened the door." He agreed it was a "strong odor." Appellant got out of the pick-up and Wharton told him to sit down. Wharton saw that the front part of appellant's pants were soiled and appellant "didn't seem very able to walk . . . he was stumbling around." Wharton thought appellant had cut his face "maybe, on the airbag of the vehicle," but he did not think appellant's stumbling was a result of the cut. Appellant "didn't understand what [Wharton] was saying or anything." Wharton did not see any open containers in the pick-up that might explain how appellant's pants became soiled.

Officer James Browder arrived at the accident scene and saw appellant "half-standing, half-sitting in the driver seat of his pick-up . . . with his legs out." He was "sort of leaning." Browder did not recall if the pick-up's engine was running or if he removed the keys from the ignition. He noticed that appellant had "urinated in his pants." Browder remembered "thinking that [appellant] might be intoxicated" and called the "DWI squad." Meanwhile, Browder spoke with Wharton and an eyewitness who had stopped. Both told him appellant ran the red light.

Officer Gilbert Arevalo, a member of the "DWI squad," arrived at the scene and saw appellant standing by the passenger side of his truck out of the way of traffic. Arevalo spoke with Browder, Wharton, and the eyewitness before speaking to appellant. Arevalo said that when he spoke to appellant about what happened, appellant had "[a] strong smell of alcoholic beverage . . . [on] [h]is breath." Arevalo noticed that appellant "had urinated on himself, he had bloodshot eyes and real slurred speech." Arevalo said appellant also "had unsteady balance." Arevalo asked appellant several questions, and appellant told the officer he had consumed three

drinks. Arevalo performed field sobriety tests and appellant failed the horizontal gaze nystagmus; "[h]e had six out of six clues with vertical nystagmus." Arevalo could not recall whether appellant attempted and failed to perform the other field sobriety tests, but he recalled that appellant gave a medical reason for why he could not perform them.

Paramedics examined appellant at the scene, but did not take him to a hospital. Arevalo arrested appellant based on "the totality of the whole circumstances of the incident," including "[t]he driving facts, the witness statements, his admitting to having drank some alcohol, his performance on the HGN, his slurred speech, unsteady balance and bloodshot eyes . . . [a]nd the smell of alcoholic beverage."

Appellant filed a motion to suppress his arrest arguing that his arrest was without probable cause and without a warrant. He contended that neither officer saw him operating the vehicle and, consequently, the warrantless arrest was a violation of the Fourth Amendment and Texas statutes. After a hearing, the trial court denied appellant's motion to suppress, and appellant entered a plea of nolo contendere to the charge of driving while intoxicated.[2]

In his sole issue on appeal, appellant contends that the trial court erred by denying his motion to suppress because his warrantless arrest violated the Fourth Amendment and article 14.01(b) of the Texas Code of Criminal Procedure.

### Discussion

Appellant states in his brief that the ruling on the motion to suppress did not "depend on evaluations of credibility and demeanor of witnesses." Consequently, we will review the court's ruling under a de novo standard of review. *See Kothe v. State*, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004).

---

[2] This is the second appeal in this case. In the first appeal, the record of the suppression hearing was lost, and we reversed appellant's conviction and remanded for a new trial. *Singer v. State*, No. 05-10-00892-CR, 2013 WL 229258 (Tex. App.—Dallas Jan. 16, 2013, no pet.).

Appellant cites article 14.01(b) of the Texas Code of Criminal Procedure as incorporating both his Fourth Amendment and Texas statutory protections against unreasonable searches and seizures. He contends that the arresting officer did not have "reliable trustworthy facts that [he committed] an offense" and any alleged offense was not committed in the officer's presence or within his view. He argues that the statements from Wharton and the eyewitness were not factual assertions upon which the arresting officer could reasonably rely to conclude he was operating the vehicle, but were "conclusions." We disagree.

Wharton testified about how appellant hit him. The eyewitness told the officers that he saw the "entire accident" and that appellant ran a red light and struck Wharton. These were factual assertions, not conclusions. Additionally, appellant did not object to any of this testimony when it was offered at trial and may not complain about it for the first time on appeal. *See* TEX. R. APP. P. 33.1.

A police officer may arrest an individual without a warrant if (1) there is probable cause with respect to that individual, and (2) the arrest falls within one of the statutory exceptions. *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005); *Beverly v. State*, 792 S.W.2d 103, 104–05 (Tex. Crim. App. 1990). Article 14.01(b) is one of those exceptions. *See Beverly*, 792 S.W.2d at 104–05. It states, "A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (West 2005). The Texas Court of Criminal Appeals has stated that the test for probable cause for a warrantless arrest under article 14.01(b) is:

> Whether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested) person had committed or was committing an offense.

*Beverly*, 792 S.W.2d at 105. Probable cause under article 14.01(b) may be based on the officer's personal knowledge or on facts and circumstances about which the officer has reasonably

–4–

trustworthy information. *Torres*, 182 S.W.3d at 901. This includes "information furnished by a private citizen 'whose only contact with the police or criminal activity is a result of having witnessed a single criminal act committed by another.'" *Webb v. State*, 760 S.W.2d 263, 274 (Tex. Crim. App. 1988) (quoting *Frazier v. State*, 480 S.W.2d 375, 379 (Tex. Crim. App. 1972)); *see also Astran v. State*, 799 S.W.2d 761, 764 (Tex. Crim. App. 1990) (arresting officer may rely on information provided to him by private citizen).

Here, the police had been dispatched to the scene of an accident. The arresting officer had reliable information from the victim of the accident and from an eyewitness that appellant was operating the pick-up when it ran the red light and struck Wharton's vehicle. Wharton testified that he smelled "a lot of alcohol" when he opened the door to the pick-up to check on appellant. The officers corroborated Wharton's information when they personally observed the accident scene, saw that no one else was in the pick-up with appellant, and saw appellant's demeanor and intoxicated state. Additionally, appellant told the arresting officer that he had consumed three drinks, and appellant failed the HGN test.

Given the combined observations of Wharton, the eyewitness, and the two officers, the officers had reasonably trustworthy information that appellant operated the pick-up and was intoxicated at the time. Accordingly, the record supports the conclusion that the officer had probable cause to arrest appellant without a warrant for the offense of driving while intoxicated. We conclude that the trial court did not err by denying the motion to suppress, and we resolve appellant's sole issue against him.

## Conclusion

We affirm the trial court's judgment.

/Elizabeth Lang-Miers/

ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
140236F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THOMAS B. SINGER, Appellant

No. 05-14-00236-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court No. 5, Dallas County, Texas

Trial Court Cause No. MB07-49876F.

Opinion delivered by Justice Lang-Miers, Justices Francis and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of June, 2015.