**AFFIRMED and Opinion Filed December 18, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00266-CR

**BYRON WILSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-56146-Q**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Evans
Opinion by Justice Evans

Appellant Byron Wilson was indicted for possessing, with intent to deliver, a controlled substance in an amount of four grams or more but less than two hundred grams. Appellant filed motions to suppress which the trial court denied. In two issues, appellant argues that the trial court erred in denying his motions to suppress. We affirm.

## I. BACKGROUND

During the motion to suppress hearing, Officer Ricardo Salas of the Dallas police department testified to the following facts. He came in contact with appellant on July 12, 2018 while patrolling a car wash located in a high drug and prostitution area. Officer Salas noted that no cars were getting washed but a man in the rear of the car wash appeared to do a hand-to-hand transaction. When Officer Salas approached appellant, he threw a beer bottle at him and ran away. Officer Salas was unable to apprehend appellant that day because appellant jumped the fence and

escaped. When Officer Salas returned to the car wash area, several witnesses identified the man who had run away as appellant. Officer Salas wrote a report about the evading case which was subsequently assigned to another detective.

On July 23, 2018, Officer Salas was on patrol in the Sunnyvale, Ledbetter area in Dallas located not far from the car wash where he encountered appellant again. Officer Salas recognized appellant and placed him in handcuffs because he considered appellant to be a flight risk. Officer Salas told appellant he was being detained to see if he had an active warrant for evading or other warrants for his arrest. Once Officer Salas determined that there were no active warrants for appellant, he ran the plates on appellant's vehicle. According to Officer Salas, appellant gave consent for the officers to search his vehicle and his person. Upon searching his person, Officer Salas found a white rock-like substance tied up in a sandwich bag believed to be crack cocaine.

Following the hearing, the trial court denied the motion to suppress. Appellant pleaded guilty and the court assessed punishment at ten years' imprisonment.

## II. ANALYSIS

### A. STANDARD OF REVIEW

A trial court's denial of a motion to suppress is reviewed under a bifurcated standard of review. *Brodnex v. State*, 485 S.W.3d 432, 436 (Tex. Crim. App. 2016). We afford almost complete deference to the trial court's determination of historical facts "especially if those are based on an assessment of credibility and demeanor." *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). However, we conduct a de novo review of mixed questions of law and fact that do not hinge on credibility or demeanor determinations. *Brodnex*, 485 S.W.3d at 436. If the trial court does not make express findings of fact, we view the evidence in the light most favorable to the trial court's rulings and will assume it made implicit findings that are supported by the record.

*Id.* We will sustain the trial court's decision if we conclude that the decision is correct under any applicable theory of law. *Id.*

## B. WARRANTLESS ARRESTS

Pursuant to article 14.01(b) of the Texas Code of Criminal Procedure, a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b). The test for probable cause for a warrantless arrest under this provision is:

> Whether at that moment the facts and circumstances within the officer's knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested) person had committed or was committing an offense.

See *Beverly v. State*, 792 S.W.2d 103, 104–5 (Tex. Crim. App. 1990) *(quoting *Lunde v. State,* 735 S.W.2d 665, 667 (Tex. Crim. App. 1987)). The Supreme Court has held that probable cause under article 14.01(b) may be based on the officer's personal knowledge and personally observed behavior. See *Beverly,* 792 S.W.2d at 105.

### 1. Probable cause

In his second issue, Appellant argues that because Officer Salas immediately handcuffed appellant upon detaining him, the detention was a de facto arrest without probable cause and the subsequent search was illegal. As stated above, however, the test for whether the officer had probable cause for a warrantless arrest includes the scenario where an officer had knowledge that the arrested person had previously committed an offense. *See Beverly*, 792 S.W.2d at 104–05; *Akins v. State*, 202 S.W.3d 879, 889 (Tex. App.—Fort Worth 2006, pet ref'd). "In other words, although the statute states that the offense must be one that is committed within the officer's presence or view, an officer can make a warrantless arrest based on an offense that was committed at an earlier time and further, the officer does not even have to personally see the offense committed before the warrantless arrest is justified under article 14.01(b)." *Akins*, 202 S.W.3d at

889.  Here, Officer Salas personally witnessed appellant committing the offense of evading arrest on July 12, 2018.  Thus, Officer Salas had probable cause to arrest appellant without a warrant when he encountered appellant again on July 23, 2018.  We hold that the warrantless arrest of appellant fell within the warrant exception under article 14.01(b) and was a legal arrest.  Once a police officer legally arrests a person, he may conduct a full search of the person incident to the arrest.  *United States v. Robinson*, 414 U.S. 218, 235 (1973).  Accordingly, we overrule appellant's challenge to the trial court's denial of his motion to suppress on this ground.

### 2.      Temporal limitation

In his first issue, Appellant argues that the Fourth Amendment imposes an implied temporal limitation on article 14.01(b) of the Texas Code of Criminal Procedure and because that temporal limitation was surpassed in this case, the search incident to appellant's arrest was illegal.  This argument was not raised in either of appellant's amended motions to suppress.  At the hearing, however, the trial court raised the issue of whether there was a time limitation on arresting appellant for his previous offense.  The State then responded that "[t]here's nothing in the code that puts a time limitation on it, that it has to be within a certain period of time or immediately afterwards."  Appellant's counsel responded that even if there is nothing in the code, common sense dictates that there be a time limitation.  As both parties addressed this issue and the trial court understood the argument and had a chance to rule on it, we will address the merits of this argument.

Here, appellant has failed to cite any supporting authority for his assertion that there is a temporal limitation on article 14.01(b).  To the contrary, the case law provides that "an officer can make a warrantless arrest based on an offense that was committed at an earlier time."  *See Akins*, 202 S.W.3d at 889; *Beverly*, 792 S.W.2d at 104–05.  As discussed above, Officer Salas had probable cause to arrest appellant and the resulting search of appellant's person was also legal.

–4–

Accordingly, we overrule appellant's challenge to the trial court's denial of his motion to suppress on this ground.

### 3.    Exigent circumstances

Under his first issue, Appellant also argues that Officer Salas was not authorized to make a warrantless arrest pursuant to article 14.01(b) because there were not any exigent circumstances on July 23, 2018.  Generally, to preserve an issue for appellate review, a party must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* TEX. R. APP. P. 33.1(a).  This argument was neither raised in either of the amended motions to suppress nor addressed at the hearing.  Accordingly, appellant has failed to preserve this argument for appellate review and we overrule his challenge to the trial court's denial of his motion to suppress on this ground.[1]

### III.  CONCLUSION

We overrule appellant's two issues and affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
190266F.U05

---

[1] The Supreme Court has rejected this argument. *See United States v. Watson*, 423 U.S. 411, 423–24 (1976) ("But we decline to transform this judicial preference [for police to obtain arrest warrants] into a constitutional rule when the judgment of the Nation and Congress has for so long been to authorize warrantless public arrests on probable cause rather than to encumber criminal prosecutions with endless litigation with respect to the existence of exigent circumstances, whether it was practicable to get a warrant, whether the suspect was about to flee, and the like.").



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BYRON WILSON, Appellant

No. 05-19-00266-CR       V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F18-56146-Q.
Opinion delivered by Justice Evans.
Justices Molberg and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered December 18, 2019