COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                         NO. 2-09-186-CR

 

 

ORONDAE LAVON MALONE                                                              APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

                FROM
THE 89TH DISTRICT COURT OF WICHITA COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








Appellant
Orondae
Lavon Malone was indicted on three counts of aggravated robbery.  However, a jury convicted Appellant of the
lesser included offense of robbery for all three counts and assessed his
punishment at twenty years=
confinement for each count.  The trial
court sentenced him accordingly, with the sentences to run concurrently.  In one issue, Appellant contends that the
trial court erred by denying his motions to suppress.  Because we hold that the trial court did not
err, we affirm the trial court=s
judgment.

Background Facts

On March
15, 2006, Kyun Hansboro, whose last name was then Randle, Michael Hansboro, and
Kyun=s son
were asleep when the front door of their house was kicked down and someone
yelled, APolice.
Police.@  Three men then entered the bedroom where
Kyun, Michael, and the baby were sleeping, turned on the light, and demanded
money.  Kyun testified that she saw two
guns.  Kyun stated that the men took some
of Michael=s shoes during the robbery.  Based on information provided by Michael and
Kyun, the police suspected Appellant as one of the robbers.








On March
17, 2006, Greg Burt, who was an investigator with the Wichita Falls Police
Department at the time of Appellant=s
arrest, testified that he went to the local Wal-Mart after hearing a dispatch
call about a disturbance in which Appellant was involved.  Investigator Burt was involved in the March
15 robbery investigation.  He stated that
it took him A[j]ust a few minutes@ to get
to the Wal-Mart.  Investigator Burt
stated that when he arrived at the Wal-Mart, Sergeant Leland Wright and other
patrol officers were already present. 
Investigator Burt said that Appellant was detained when he arrived at
the Wal-Mart.  He testified that while
the officers were Asorting out the events of the
disturbance,@ Officer LeeAnn Haldane called
Sergeant Wright and told him that a warrant had been signed for Appellant=s arrest
for the March 15 robbery.  Investigator
Burt stated that he received notice of the arrest warrant after Appellant was
detained.  He further stated that Michael,
one of the robbery complainants, told officers at the Wal-Mart that Appellant
was wearing Michael=s shoes, and thus, Appellant was
in possession of stolen property.

Officer
Haldane testified that on March 17, 2006, she was in a judge=s office
getting a warrant signed for Appellant=s arrest
for the March 15 robbery when she received a phone call from Sergeant
Wright.  Sergeant Wright told her that
Appellant was involved in a disturbance at the Wal-Mart.  Officer Haldane stated that she had already
handed the judge the arrest warrant when she received the phone call.  She stated that she told Sergeant Wright that
the judge was reading the warrant and that she would notify him when it had
been signed.  After the judge signed the
arrest warrant, Officer Haldane called Sergeant Wright and told him that the
arrest warrant had been signed.  Officer
Haldane testified that approximately a minute or two minutes elapsed between
the time that she received Sergeant Wright=s phone
call and when she told Sergeant Wright that the arrest warrant had been signed.








Officer
Haldane further testified that she believed that the responding officers were
justified in detaining Appellant and the other individuals involved in the
disturbance.  She stated that it would
take Aquite
some time@ for the officers to sort out
all of the information from the various reporting people to determine what had
actually happened.  She stated that it
would be Acommon and necessary to detain
as many people out there as [the officers] could to determine what actually
happened at [the] Wal-Mart.@

Appellant
filed three separate motions to suppress: (1) a motion to suppress the
evidence, (2) a motion to suppress the identification, and (3) a motion to
suppress Appellant=s statements.  The trial court denied all three.

Standard of Review








We review a trial
court=s ruling on a
motion to suppress evidence under a bifurcated standard of review.[2]  In reviewing the trial court=s decision, we do
not engage in our own factual review.[3]  The trial judge is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given their
testimony.[4]  Therefore, we give almost total deference to
the trial court=s rulings on (1) questions of historical
fact, even if the trial court=s determination of
those facts was not based on an evaluation of credibility and demeanor, and (2)
application‑of‑law‑to‑fact questions that turn on an
evaluation of credibility and demeanor.[5]  But when application-of-law-to-fact questions
do not turn on the credibility and demeanor of the witnesses, we review the
trial court=s rulings on those questions de novo.[6]

Stated another
way, when reviewing the trial court=s ruling on a
motion to suppress, we must view the evidence in the light most favorable to
the trial court=s ruling.[7]  When the trial court makes explicit fact
findings, we determine whether the evidence, when viewed in the light most
favorable to the trial court=s ruling, supports
those fact findings.[8]  We then review the trial court=s legal ruling de
novo unless its explicit fact findings that are supported by the record are
also dispositive of the legal ruling.[9]








When the record is
silent on the reasons for the trial court=s ruling, or when
there are no explicit fact findings and neither party timely requested findings
and conclusions from the trial court, we imply the necessary fact findings that
would support the trial court=s ruling if the
evidence, viewed in the light most favorable to the trial court=s ruling, supports
those findings.[10]  We then review the trial court=s legal ruling de
novo unless the implied fact findings supported by the record are also
dispositive of the legal ruling.[11]

We must uphold the
trial court=s ruling if it is supported by the record
and correct under any theory of law applicable to the case even if the trial
court gave the wrong reason for its ruling.[12]  

Fourth Amendment Searches and Seizures








In his sole issue,
Appellant contends that the trial court erred by denying his motions to
suppress because when the officers determined that he was not involved in any
criminal activity at the Wal-Mart, he should have been released.  Instead, Appellant argues, the officers
detained him until an arrest warrant could be obtained.

The Fourth
Amendment protects against unreasonable searches and seizures by government
officials.[13]  To suppress evidence because of an alleged
Fourth Amendment violation, the defendant bears the initial burden of producing
evidence that rebuts the presumption of proper police conduct.[14]  A defendant satisfies this burden by
establishing that a search or seizure occurred without a warrant.[15]  Once the defendant has made this showing, the
burden of proof shifts to the State, which is then required to establish that
the search or seizure was conducted pursuant to a warrant or was reasonable.[16]

Appellant=s Detention Not
Based on Arrest Warrant








The State argues
that the trial court did not err by denying the motion to suppress because
Investigator Burt knew that there were valid warrants for Appellant=s arrest at the
time of Appellant=s detention.  During the trial and outside the presence of
the jury, Investigator Burt stated that there was at least one warrant pending
for Appellant=s arrest. 
The State, citing Rachal v. State,[17]
argues that Investigator Burt=s statement can be
considered when determining whether the trial court properly denied Appellant=s motion to
suppress.

In Rachal,
the Texas Court of Criminal Appeals held that if the State raised an issue
previously litigated in a suppression hearing at trial, either without
objection or with subsequent participation in the inquiry by the defense, the
defendant is deemed to have elected to re‑open the evidence, and the
reviewing court may consider the relevant trial testimony in its review.[18]


Here, after the
State questioned Investigator Burt about other arrest warrants for Appellant,
the following exchange took place,

[DEFENSE
COUNSEL]:  Judge, I thought the evidence
was closed on the Motion to Suppress.  It=s been ruled on and heard.  It was denied.  It=s my recollection.  I
don=t know if you want to try to reopen
the evidence.

 

[PROSECUTOR]:  Your Honor, there was just some further
questioning a while ago with him . . . about the warrant and when it was issued
and that . . . brought this back up.  And
again, I . . . knew it wasn=t proper to do it at the time because of the Jury being
present.

 








THE
COURT:  Well, the Court made the ruling
prior to hearing this other testimony, so . . . I=m not changing the Ruling.  I mean whatC 


 

[DEFENSE
COUNSEL]:  Well, I understand, Your
Honor, and you know, if they=d like to offerCto reopen the suppression, I mean, I think it=s untimely at this point and if
they would like to offer some warrants that he had, I mean, we met our burden
of proof in the suppression hearing by showing that there wasn=t a warrant that he knew of and if
they know of a warrant, they should have brought it up at that time, but that
time=s come and gone.

 

After reviewing
the record, we do not agree with the State that the suppression hearing was Aclearly reopened.@  Immediately after the State questioned
Investigator Burt about his awareness of an arrest warrant, Appellant objected
to the questioning and stated that the motion to suppress evidence had been
closed.  Additionally, the trial court
stated that it had denied the motion to suppress prior to hearing the new
testimony.  Because Appellant objected to
the testimony and did not question Investigator Burt about his statement, we
hold that the suppression hearing was not reopened. 








Because there was
no evidence at the suppression hearing that the officers were aware of an
outstanding arrest warrant at the time that Appellant was detained at the
Wal-Mart, we hold that Appellant=s detention was
not based on an arrest warrant.  We must
now determine whether there was evidence at the suppression hearing to show
that Appellant=s seizure was reasonable.[19]  

Appellant=s Detention Was
Based on Reasonable Suspicion

A detention, as
opposed to an arrest, may be justified on less than probable cause if a person
is reasonably suspected of criminal activity based on specific, articulable
facts.[20]  An officer conducts a lawful temporary
detention when he or she has reasonable suspicion to believe that an individual
is violating the law.[21]  Reasonable suspicion exists when, based on
the totality of the circumstances, the officer has specific, articulable facts
that when combined with rational inferences from those facts, would lead him to
reasonably conclude that a particular person is, has been, or soon will be
engaged in criminal activity.[22]  This is an objective standard that disregards
any subjective intent of the officer making the stop and looks solely to
whether an objective basis for the stop exists.[23]








Because the trial
court did not file findings of fact and conclusions of law, we must determine
whether the evidence, viewed in the light most favorable to the trial court=s decision to deny
the motions to suppress, supports implied findings supporting that decision.[24]  In other words, we must determine whether
Investigator Burt and Officer Haldane testified to specific, articulable facts
justifying Appellant=s detention.[25]

Investigator Burt
testified that he received a dispatch call that Appellant was at the Wal-Mart
with Michael, one of the complainants in the March 15 robbery.  Investigator Burt stated that Appellant was
detained while the officers attempted to sort out the events of the
disturbance.  Additionally, he said that Awhen people are
involved in a disturbance and there=s not many people
to go around, it=s kind of standard procedure.  You separate people, you detain them until
you find out what was going on and any charges that were arising out of the
current situation or not.@ 
Investigator Burt further stated that while the officers were sorting
out the events of the disturbance, Sergeant Wright received a phone call that a
warrant had been signed for Appellant=s arrest in the
robbery case.








Additionally,
Officer Haldane testified that it would take the officers Aquite some time@ to sort out the
events of the disturbance because of the number of people that reported the
disturbance.  She further stated that the
disturbance was first reported as an incident involving a Asubject with a
knife,@ but it was later
upgraded to a disturbance involving a person with a gun and that the parties
involved in the disturbance were Achasing each other
through [the] Wal-Mart.@

It is apparent
from the record that Appellant=s detention was
justified because the officers were trying to determine what happened at the
Wal-Mart.  According to both Investigator
Burt and Officer Haldane, several people reported the incident, and the police
had to follow up on the reports. 
Additionally, there were reports of a knife or gun being involved.








Appellant further
complains that the length of his detention was unreasonable and that he was
only being detained so that an arrest warrant could be signed.  Appellant argues that he should have been
released after the officers determined that he was not involved in any criminal
activity.  To begin with, we note that
neither Investigator Burt nor Officer Haldane testified that Appellant was
detained after it was determined that he was not involved in criminal activity
at the Wal-Mart.  Additionally, both
Investigator Burt and Officer Haldane testified that Officer Haldane was
already at the judge=s office getting the arrest warrant signed
when she received the phone call that Appellant was involved in a disturbance
at the Wal-Mart.  Officer Haldane stated
that it took approximately a minute to two minutes from the time that she
received the phone call advising her that Appellant was involved in a
disturbance to the time that she called Sergeant Wright and told him that the
warrant had been signed.

Finally, during
Appellant=s cross-examination, Investigator Burt
stated that the police officers on the scene were still sorting out the events
of the disturbance when they received the phone call that the warrant had been
signed.  Thus, Appellant elicited the
testimony that the officers were still investigating the Wal-Mart incident when
the robbery arrest warrant was signed.








Consequently, we
hold that the trial court did not err by denying Appellant=s motion to
suppress because the officers were in the process of investigating the Wal-Mart
disturbance when Sergeant Wright received the phone call that an arrest warrant
had been signed for the March 15 robbery. 
Additionally, there is nothing in the record to support Appellant=s contention that
he was detained longer than necessary for the purpose of obtaining an arrest
warrant.  Although the responding officer
did not testify as to when Appellant=s detention began,
such evidence was unnecessary because Investigator Burt testified that the
officers were still sorting out the events of the disturbance when they were
notified that the robbery arrest warrant had been signed.  

Appellant=s Arrest Also
Lawful Under the Plain View Exception








Alternatively,
Appellant could have been lawfully arrested when the officers realized that he
was wearing stolen property.  Article
14.01(b) of the Texas Code of Criminal Procedure provides that A[a] peace officer
may arrest an offender without a warrant for any offense committed in his
presence or within his view.[26]  The test for probable cause for a warrantless
arrest is Awhether at that moment the facts and
circumstances within the officer=s knowledge and of
which he had reasonably trustworthy information were sufficient to warrant a
prudent man in believing that the arrested person had committed or was
committing an offense.@[27]  Investigator Burt testified that while the
officers were investigating the disturbance at the Wal-Mart, Michael stated
that Appellant was wearing Michael=s shoes that had
been stolen during the March 15 robbery. 
A person commits the offense of theft by possession of stolen property
when the person Aunlawfully appropriates property with
intent to deprive the owner of the property . . . [and] without the owner=s effective
consent.@[28]  Accordingly, the officers had probable cause
to arrest Appellant for theft after Michael identified the shoes that Appellant
was wearing were stolen in the robbery and the officers saw the shoes.[29]


We hold that the
trial court did not err by denying Appellant=s motion to
suppress because the officers= detention of
Appellant was reasonable and justified. 
The officers received reports of a weapon being involved in a
disturbance, and during their investigation, they were notified that a warrant
had been signed for Appellant=s arrest in
connection to the March 15 robbery. 
Alternatively, when it was brought to the attention of the officers that
Appellant was wearing stolen property, the officers could have properly
arrested Appellant without a warrant. 
Thus, we overrule Appellant=s sole issue.








Conclusion

Having overruled
Appellant=s sole issue, we affirm the trial court=s judgment.  

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
 August 31, 2010











[1]See Tex. R. App. P. 47.4.





[2]Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).





[3]Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no
pet.).





[4]Wiede v. State, 214 S.W.3d 17, 24B25 (Tex. Crim. App.
2007); State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), modified
on other grounds by State v. Cullen, 195 S.W.3d 696 (Tex. Crim. App. 2006).






[5]Amador, 221 S.W.3d at 673; Montanez
v. State, 195 S.W.3d 101, 108B09 (Tex. Crim. App. 2006); Johnson v. State,
68 S.W.3d 644, 652B53 (Tex. Crim. App.
2002).





[6]Amador, 221 S.W.3d at 673; Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson, 68
S.W.3d at 652B53.

 





[7]Wiede, 214 S.W.3d at 24; State
v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).





[8]Kelly, 204 S.W.3d at 818B19.





[9]Id. at 818.





[10]State v. Garcia-Cantu, 253
S.W.3d 236, 241 (Tex. Crim. App. 2008); see Wiede, 214 S.W.3d at 25.





[11]Kelly, 204 S.W.3d at 819.





[12]State v. Stevens, 235 S.W.3d 736,
740  (Tex. Crim. App. 2007); Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004).





[13]U.S. Const. amend. IV; Wiede,
214 S.W.3d at 24.





[14]Amador, 221 S.W.3d at 672; see
Young v. State, 283 S.W.3d 854, 872 (Tex. Crim. App. 2009).





[15]Amador, 221 S.W.3d at
672.





[16]Id. at 672B73; Torres v. State,
182 S.W.3d 899, 902 (Tex. Crim. App. 2005); Ford v. State, 158 S.W.3d
488, 492 (Tex. Crim. App. 2005).





[17]917 S.W.2d 799, 809 (Tex. Crim.
App.), cert. denied, 519 U.S. 1043 (1996).





[18]Id.





[19]Amador, 221 S.W.3d at 672B73.





[20]Terry v. Ohio, 392 U.S. 1, 22, 88 S.
Ct. 1868, 1880 (1968); Carmouche v. State, 10 S.W.3d 323, 328 (Tex.
Crim. App. 2000).





[21]Ford, 158 S.W.3d at 492.





[22]Id. at 492.





[23]Id.





[24]See Kelly, 204 S.W.3d at 819. 





[25]See id.





[26]Tex. Code Crim. Proc.
Ann. art. 14.01(b) (Vernon 2005); see also Miles v. State, 241 S.W.3d
28, 39B40 (Tex. Crim. App.
2007); State v. Steelman, 93 S.W.3d 102, 107 (Tex. Crim. App.
2002).  





[27]Steelman, 93 S.W.3d at 107
(quoting Beverly v. State, 792 S.W.2d 103, 105 (Tex. Crim. App.
1990)).  





[28]Tex. Penal Code Ann. ' 31.03(a), (b)
(Vernon 2008).





[29]See id.